IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDEE IRBY,

    Plaintiff,

v.                                          No. 17-cv-0626 SMV/KK

UNITED STATES POSTAL SERVICE;

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's Complaint/Petition for Approval of Minor's Settlement [Doc. 1], filed on June 8, 2017. Plaintiff alleges that her minor child was injured in a motor vehicle accident as a result of Defendant's negligence and, thus, is entitled to damages under the Federal Tort Claims Act ("FTCA"). However, the parties have already reached a settlement of Plaintiff's claims under the FTCA. Plaintiff initiated this lawsuit solely to ask the Court to approve the settlement. [Doc. 1].

The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (quoting *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013)). The "burden of establishing" a federal court's subject matter jurisdiction "rests upon the party asserting jurisdiction." *Id.* "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.*

Obviously, if Plaintiff were asserting a claim for damages under the FTCA, this Court would have jurisdiction to hear that claim for damages. But she does not assert any claim for damages. In fact, she asserts that her claim for damages has already been resolved. Rather, she invokes this Court's jurisdiction to pass on the fairness and reasonableness of the settlement to the minor child. The Court is not immediately familiar with any constitutional or statutory provision (even in the FTCA) conferring jurisdiction on this Court for the sole purpose of approving a settlement reached—prior to the filing of the complaint—on behalf of a minor child. Nor does Plaintiff cite any such authority in her Complaint. Therefore, at this point, the Court fails to see how it has jurisdiction.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff must show cause why this action should not be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), no later than **June 30, 2017**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**